94 F.3d 641
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Garth E. MCGILLEWIE; Cynthia J. Mcgillewie, Plaintiffs-Appellants,
HYDRA MACHINERY COMPANY, INCORPORATED, Debtor-Appellant,
v.
PARKER, POE, ADAMS & BERNSTEIN, P.A., formerly known as
Parker, Poe, Thompson, Bernstein, Gage & Preston,
a North Carolina General Partnership,
Defendant-Appellee.
Garth E. MCGILLEWIE; Cynthia J. Mcgillewie, Plaintiffs-Appellees,
HYDRA MACHINERY COMPANY, INCORPORATED, Debtor-Appellee,
v.
PARKER, POE, ADAMS & BERNSTEIN, P.A., formerly known as
Parker, Poe, Thompson, Bernstein, Gage & Preston,
a North Carolina General Partnership,
Defendant-Appellant.
 Nos. 95-2897, 95-2931.
 United States Court of Appeals, Fourth Circuit.
 Aug. 16, 1996.
 
 ARGUED: Seth R. Cohen, SMITH, FOLLIN & JAMES, Greensboro, North Carolina, for Appellants. C. Ralph Kinsey, Jr., UNDERWOOD, KINSEY, WARREN & TUCKER, P.A., Charlotte, North Carolina, for Appellee. ON BRIEF: Norman B. Smith, SMITH, FOLLIN & JAMES, Greensboro, North Carolina, for Appellants.
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In August 1985, Hydra Machinery Company, Inc. executed a contract with Moog Maschinenvertrieb under which Hydra was designated the exclusive United States importer of Moog Maschinenvertrieb's under-bridge repair equipment. Contending that Moog Maschinenvertrieb breached the contract by supplying defective equipment and failing to insure it properly, Hydra retained Parker, Poe, Adams & Bernstein to sue Moog Maschinenvertrieb for breach of contract, breach of warranties, and unfair and deceptive trade practices. Parker, Poe, Adams & Bernstein prepared the complaint, filed it, served it by mail on Moog Maschinenvertrieb in Germany, and, when Moog Maschinenvertrieb failed to respond, obtained a default judgment in the amount of $1,183,266. When the law firm sought to enforce the judgment in Minnesota against assets allegedly shipped there by Moog Maschinenvertrieb, a Minnesota state court vacated the judgment because Moog Maschinenvertrieb had not been served in the manner specified by the Hague Convention.
 
 
 2
 Hydra and its principals, Garth McGillewie and his wife, Cynthia McGillewie, subsequently filed a consolidated, voluntary petition in bankruptcy. Their trustee in bankruptcy filed this action against Parker, Poe, Adams & Bernstein, alleging in their final amended complaint that the firm was negligent (1) in failing to serve the proper person, i.e., Alfons Moog, because Moog Maschinenvertrieb allegedly was not a legal entity, and (2) in failing to effect service in the manner prescribed by the Hague Convention.
 
 
 3
 Parker, Poe, Adams & Bernstein responded that (1) the plaintiffs could have re-served the proper Moog interest under the Hague Convention, but refused to do so; (2) the plaintiffs did not demonstrate they had been damaged; (3) the plaintiffs failed to show that the judgment was collectible; and (4) the malpractice action was in any event barred by statutes of limitations and repose.
 
 
 4
 The district court, addressing some of these defenses, ultimately granted the law firm's motion for summary judgment on the ground that plaintiffs failed to demonstrate their judgment was collectible. See Rorrer v. Cooke, 329 S.E.2d 355, 369 (N.C.1985).
 
 
 5
 Having carefully considered the briefs and arguments of counsel, we affirm on the reasoning of the district court as set forth in its order dated September 15 (filed September 18), 1995, on the issue of the collectibility of the default judgment. See In re McGillewie, No. 93-CV-90 (W.D.N.C. Sept. 15, 1995).
 
 
 6
 AFFIRMED.